1  BURKE, WILLIAMS & SORENSEN, LLP
Richard J. Reynolds, Bar No. 89911
2  rreynolds@bwslaw.com
Rafael R. Garcia-Salgado, Bar No. 283230
3  rgarcia@bwslaw.com
1851 East First Street
4  Suite 1550
Santa Ana, CA  92705-4067
5  Telephone:    949.863.3363
Facsimile:    949.863.3350
6
Attorneys for Creditor
7  TRINITY FINANCIAL SERVICES, LLC.

8                    UNITED STATES BANKRUPTCY COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                   LOS ANGELES DIVISION

11

12  In re                                                    Case No.  2:18-bk-23070-SK

13  JACK DAMUSCA,                                            Chapter Number:  13

14            Debtor,                                        **CREDITOR TRINITY FINANCIAL
                                                            SERVICES, LLC'S OBJECTION TO**
15                                                          **CONFIRMATION OF CHAPTER 13 PLAN**

16                                                          Date:        January 10, 2019
                                                            Time:        10:00 a.m.
17                                                          Dept:        1575

18

19        TRINITY FINANCIAL SERVICES, LLC ("TRINITY") hereby objects to confirmation

20  of the Debtor's proposed Chapter 13 Plan [Docket. No. 9] (the "Plan") in the above-referenced

21  matter.  This objection is based on the authorities cited herein and on such additional submissions

22  and argument as may be presented at or before the confirmation hearing.  In support of this

23  Objection, Trinity respectfully states as follows:

24  **I.        INTRODUCTION**

25        This is the sixth (6th) bankruptcy filing affecting the subject property.  The Debtor's

26  spouse and the Debtor—and the same Debtor's counsel that has assisted them with the five

27  previous bankruptcies—had their last abortive filing fail in late September 2018, after having

28  failed to 1) address the Chapter 13 trustee's objections and 2) provide adequate protection to

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4838-3436-3012 v1                         - 1 -        OBJECTION TO CONFIRMATION OF CHAPTER 13
                                                            PLAN

1   secured creditors.  As the Debtor and his spouse have filed a long series of bankruptcy cases in

2   order to frustrate foreclosure, Trinity requests that the Court deny confirmation of the Debtor's

3   patently unconfirmable Plan.

4   **II.    STATEMENT OF FACTS**

5          1.      Trinity's claim is evidenced by a Home Equity Line of Credit Agreement and

6   Disclosure Statement, executed by Debtor Jack Damusca and dated September 21, 2006, in the

7   original principal sum of $46,800 (the "HELOC").  A copy of the HELOC is attached to Trinity's

8   proof of claim no. 2-1 (the "Proof of Claim") as filed on the Court's claims register ("CCR") in

9   the instant bankruptcy case and incorporated herein by reference.

10         2.      The HELOC is secured by a second deed of trust (the "Deed of Trust"), executed

11  by Jack Damusca and Ginette Damusca, Husband and Wife as Joint Tenants, and encumbering

12  the real property commonly known as 3512 Floresta Avenue, Los Angeles, CA  90043 (the

13  "Property").  A copy of the Deed of Trust is attached to Trinity's proof of claim no. 2-1 as filed in

14  the instant bankruptcy case and incorporated herein by reference.

15         3.      Subsequently, the HELOC was assigned to Trinity.  Trinity, directly or through an

16  agent, is in possession of the original promissory note.  *See* CCR, Claim No. 2-1.

17         4.      On January 21, 2011, Debtor, Jack Damusca (the "Debtor") filed a voluntary

18  petition under Chapter 13 of the Bankruptcy Code, and was assigned Bankruptcy Case Number

19  2:11-bk-12745-SK (the "First Case").

20         5.      On May 27, 2011, the Court converted the case to a Chapter 7 [First Case Docket

21  No. 20].

22         6.      On July 12, 2011, the Chapter 7 Trustee filed his Report of No Distribution.

23         7.      On October 19, 2011, the Court issued the Debtor's discharge [First Case Docket

24  No. 32].

25         8.      On January 2, 2012, the Debtor filed a voluntary petition under Chapter 13 of the

26  Bankruptcy Code, and was assigned Bankruptcy Case Number 2:12-bk-10033-NB (the "Second

27  Case") [Second Case Docket No. 1].

28         9.      On January 2, 2012, the Debtor filed his Chapter 13 Plan [Second Case Docket

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4838-3436-3012 v1                    - 2 -        OBJECTION TO CONFIRMATION OF CHAPTER 13
                                                      PLAN

1    No. 4].

2        10.    On March 6, 2012, the Debtor filed his First Amended Chapter 13 Plan [Second

3    Case Docket Nos. 24 and 25].

4        11.    On March 20, 2012, the Court issued its Order Confirming Plan [Second Case

5    Docket No. 28].

6        12.    On May 3, 2012, Senior Lienholder Aurora Loan Services, LLC ("Aurora") filed

7    for stay relief against the Debtor's residence, the Property [Second Case Docket No. 34].

8        13.    On June 1, 2012, the Court issued its Order Granting Aurora's Motion for Relief

9    from the Automatic Stay [Second Case Docket No. 37].

10        14.    On October 15, 2012, the Chapter 13 case was closed [Second Case Docket No.

11    50].

12        15.    On August 13, 2012, before the Debtor's Second Case had closed, borrower

13    Ginette Damusca (the "Debtor's Spouse") filed a voluntary petition under Chapter 13 of the

14    Bankruptcy Code, and was assigned Bankruptcy Case Number 2:12-bk-37554-VZ (the "Third

15    Case") [Third Case Docket No. 1].

16        16.    On August 27, 2012, the Debtor's Spouse filed her Statement of Related Cases,

17    Summary of Schedules, Statistical Summary of Certain Liabilities, Notice of Available Chapters,

18    Schedules A-J, Declaration Concerning Schedules, Statement of Financial Affairs, Certification

19    of Employment Income, Disclosure of Compensation of Attorney for Debtor, Verification of

20    Creditor Matrix, and Addendum to Chapter 13 Plan [Third Case Docket No. 10].

21        17.    On August 27, 2012, the Debtor's Spouse filed her Chapter 13 Plan [Third Case

22    Docket No. 11].

23        18.    On November 5, 2012, the Debtor's Spouse filed her Request for Voluntary

24    Dismissal of Chapter 13 Case [Third Case Docket No. 20].

25        19.    On November 6, 2012, the Court issued its Order and Notice of Dismissal [Third

26    Case Docket No. 22].

27        20.    On March 19, 2013, the case was closed [Third Case Docket No. 28].

28        21.    On November 19, 2012, just 13 days after voluntarily dismissing her prior

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4838-3436-3012 v1                          - 3 -          OBJECTION TO CONFIRMATION OF CHAPTER 13
PLAN

1    bankruptcy case, the Debtor's Spouse filed a voluntary petition under Chapter 13 of the

2    Bankruptcy Code, and was assigned Bankruptcy Case Number 2:12-bk-48440-BB (the "Fourth

3    Case") [Fourth Case Docket No. 1].

4         22.    On November 19, 2012, the Debtor's Spouse filed her Chapter 13 Plan [Fourth

5    Case Docket No. 3].

6         23.    On November 21, 2012, the Debtor's Spouse filed her Notice of Motion and

7    Motion for Order Imposing a Stay or Continuing the Automatic Stay [Fourth Case Docket No. 7].

8         24.    On December 19, 2012, the Court issued its Order Granting Motion for Order

9    Imposing a Stay or Continuing the Automatic Stay [Fourth Case Docket No. 13].

10        25.    On January 7, 2013, the Chapter 13 Trustee filed her Objection to Confirmation of

11   Chapter 13 Plan [Fourth Case Docket No. 17].

12        26.    On April 9, 2013, the Debtor's Spouse filed her Notice of Conversion to Chapter 7

13   [Fourth Case Docket No. 20].

14        27.    On April 9, 2013, Senior Lienholder Nationstar Mortgage ("Nationstar") filed its

15   Objection to Confirmation of Chapter 13 Plan [Fourth Case Docket No. 21].

16        28.    On April 9, 2013, the Court converted the case to a Chapter 7 [Fourth Case Docket

17   No. 22].

18        29.    On June 4, 2013, the Chapter 7 Trustee filed his Report of No Distribution.

19        30.    On June 26, 2013, Nationstar filed its Notice of Motion and Motion for Relief

20   from the Automatic Stay [Fourth Case Docket No. 34].

21        31.    On July 15, 2013, the Court issued the Discharge of Debtor [Fourth Case Docket

22   No. 39].

23        32.    On July 30, 2013, the Court issued the Order Granting Nationstar's Motion for

24   Relief from the Automatic Stay [Fourth Case Docket No. 41].

25        33.    On September 4, 2013, the case was closed [Fourth Case Docket No. 43].

26        34.    The Damuscas defaulted again under the terms of their HELOC and Deed of Trust.

27   On March 8, 2017, Trinity recorded a Notice of Default and Election to Sell.

28        35.    On July 19, 2017, a Notice of Sale was recorded with the original foreclosure sale

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4838-3436-3012 v1                    - 4 -       OBJECTION TO CONFIRMATION OF CHAPTER 13
                                                      PLAN

1    scheduled for August 14, 2017.

2        36.    On August 11, 2017, just 3 days prior to the scheduled foreclosure sale, the

3    Debtor's Spouse filed a voluntary petition under Chapter 13 of the Bankruptcy Code, and was

4    assigned Bankruptcy Case Number 2:17-bk-19902-VZ (the "Fifth Case") [Fifth Case Docket No.

5    1].

6        37.    On August 11, 2017, the Debtor's Spouse filed her Chapter 13 Plan [Fifth Case

7    Docket No. 2].

8        38.    On September 14, 2017, the Chapter 13 Trustee filed her Objection to

9    Confirmation of Chapter 13 Plan [Fifth Case Docket No. 16].

10        39.    On October 6, 2017, the Debtor's Spouse filed her First Amended Chapter 13 Plan

11    [Fifth Case Docket No. 17].

12        40.    On October 27, 2017, Trinity Financial Services, LLC ("Trinity") filed its

13    Objection to Confirmation of Chapter 13 Plan [Fifth Case Docket No. 21].

14        41.    On May 11, 2018, Trinity filed its Notice of Motion and Motion for Relief from

15    the Automatic Stay (the "Motion") [Fifth Case Docket No. 28].

16        42.    On May 22, 2018, the Debtor's Spouse filed her Response to the Motion [Fifth

17    Case Docket No. 30].

18        43.    On June 5, 2018, the Chapter 13 Trustee filed her Motion to Dismiss Case [Fifth

19    Case Docket No. 37].

20        44.    On June 7, 2018, Trinity filed its Stipulation for Adequate Protection re Section

21    362 Stay [Fifth Case Docket No. 39].

22        45.    On June 14, 2018, the Court issued its Adequate Protection Order [Fifth Case

23    Docket No. 45].

24        46.    On June 15, 2018, Trinity filed its Notice of Default under Adequate Protection

25    Order [Fifth Case Docket No. 46].

26        47.    On June 20, 2018, the Debtor's Spouse filed her Opposition to Trustee's Motion to

27    Dismiss Case [Fifth Case Docket No. 48].

28        48.    On September 21, 2018, the Court issued its Order and Notice of Dismissal [Fifth

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4838-3436-3012 v1                    - 5 -          OBJECTION TO CONFIRMATION OF CHAPTER 13
                                                         PLAN

1  Case Docket No. 51].

2      49.     On November 7, 2018, the case was closed [Fifth Case Docket No. 56].

3      50.     On October 15, 2018, a Notice of Sale was recorded with the sale scheduled for

4  November 6, 2018, at 10:00 a.m.

5      51.     On November 6, 2018, at 12:10 a.m., the day of the scheduled foreclosure sale, the

6  Debtor filed the instant voluntary petition herein under Chapter 13 of the Bankruptcy Code, and

7  was assigned Bankruptcy Case Number 2:18-bk-23070-SK [Docket No. 1].

8      52.     On November 28, 2018, the Debtor filed his Plan providing for monthly payments

9  to the Trustee in the amount of $500 per month for 60 months.

10     53.     The plan fails to provide for cure of the full pre-petition arrears owed to Trinity on

11 account of its secured claim.

12     54.     On December 21, 2018, Trinity filed its Proof of Claim secured by the Property

13 with a total outstanding balance in the amount of $66,185.16 and a pre-petition arrearage claim of

14 $31,050.93. *See* CCR, Claim No. 2-1.

15 **III.    ARGUMENT**

16     55.     The provisions of 11 U.S.C. § 1325 set forth the requirements for the Court to

17 confirm a Chapter 13 Plan. The burden is on the debtor to demonstrate that the plan meets the

18 conditions essential for confirmation. *Warren v. Fidelity & Casualty Co. of N.Y. (In re Warren)*,

19 89 B.R. 87, 93 (B.A.P. 9th Cir. 1988). For the reasons detailed herein, the Debtor fails to meet

20 this burden.

21     **A.     The Plan Cannot Be Confirmed Because It Does Not Provide for the Full
          Value of Secured Creditors' Claims**
22

23     56.     11 U.S.C. § 1325(a)(5)(B)(ii) requires a debtor's Chapter 13 Plan to distribute at

24 least the allowed amount of a creditor's secured claim. *See* 11 U.S.C. § 1325(a)(5)(B)(ii).

25 Furthermore, the requirement that a debtor provide for the full value of a creditor's secured claim

26 is mandatory for plan confirmation. *See Barnes v. Barnes (In re Barnes)*, 32 F. 3d 405, 407 (9th

27 Cir. 1994); *see also In re Lucas*, 3 B.R. 252, 253 (Bankr. S.D. Cal. 1980) ("In order to confirm

28 any Chapter 13 Plan, the court must be satisfied . . . that the plan meets all the requirements of §

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4838-3436-3012 v1          - 6 -       OBJECTION TO CONFIRMATION OF CHAPTER 13
                                            PLAN

1   1325(a)."). The burden lies with the debtor in demonstrating compliance with section 1325(a).

2   *Chinichian v. Campolongo (In re Chinichian)*, 784 F. 2d 1440 (9th Cir. 1986).

3        57.     Trinity filed its Proof of Claim on account of its secured claim with a total

4   outstanding balance in the amount of $66,185.16 and a pre-petition arrearage claim of

5   $31,050.93.  *See* CCR, Claim No. 2-1.  However, the Debtor has only provided for pre-petition

6   arrears to Trinity in the amount of $22,728.28.

7        58.     Section 1322(b)(2) states that a Chapter 13 plan may "modify the rights of holders

8   of secured claims, other than a claim secured only by a security interest in real property that is the

9   debtor's principal residence."  Trinity's claim is secured by the Property, which is the Debtor's

10  principal residence.  Thus, the plan may not modify Trinity's secured claim.  *See Nobelman v.*

11  *Am. Sav. Bank*, 508 U.S. 324, 329, 113 S. Ct. 2106, 2110, 124 L. Ed. 2d 228 (1993)

12  (determination that bank's claim is partially secured "does not necessarily mean that the 'rights'

13  the bank enjoys as a mortgagee, which are protected by § 1322(b)(2), are limited by the valuation

14  of its secured claim.").

15       59.     The Debtor's Plan cannot be confirmed as proposed because it fails to provide for

16  Trinity's pre-petition arrears in full.  The Plan therefore violates Sections 1322(b)(2) and (b)(5).

17  As the Debtor's Plan fails to cure Trinity's claim, it also fails to satisfy 11 U.S.C. §

18  1325(a)(5)(B)(ii) and cannot be confirmed as proposed.

19       **B.**     <u>**The Plan is Not Feasible**</u>

20       60.     A reviewing court should confirm a plan only if it appears under all circumstances

21  that the plan has a reasonable likelihood of success.  *In re Craig,* 112 B.R. 224, 225 (Bankr. N.D.

22  Ohio 1990) (citing *In re Anderson*, 28 B.R. 628, 630 (Bankr. S.D. Ohio 1982).  Here, the Debtor

23  has not provided sufficient evidence that his Chapter 13 plan is feasible.

24       61.     11 U.S.C. § 1325(a)(6) requires debtors to be able to make all plan payments and

25  to comply with the terms set forth in the plan.  The Debtor's Schedule J [Docket No. 1] indicates

26  that the Debtor has monthly net income of $273.00.  However, the Debtor reaches this amount by

27  omitting entirely any payment on his second lien with Trinity.  *Id.*  Then, the Debtor inexplicably

28  goes on to commit **$1,250** a month to payments for his Plan—without saying where he will obtain

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4838-3436-3012 v1       - 7 -     OBJECTION TO CONFIRMATION OF CHAPTER 13
PLAN

1    the extra funds.  As the Debtor's monthly payments to Trinity are $508.86 as of the date of filing

2    [Claim No. 2], because he omitted monthly payments to Trinity from his schedules, the Debtor

3    actually has negative net income of -$235.86 before making any payments at all toward his Plan.

4          62.    Trinity's proof of claim also lists $31,050.93 in prepetition arrearages for the

5    Debtor's second lien [Claim No. 2-1].  Spread over a maximum of sixty months, the Debtor will

6    be required to pay $517.52 monthly to the Plan in order to provide for a prompt cure of the pre-

7    petition arrears owed to Trinity in sixty (60) months, as required by 11 U.S.C. § 1322(b)(5).  As

8    the monthly plan payment sufficient to cure Trinity's pre-petition arrears substantially exceeds

9    the Debtor's available net income, the Debtor lacks any monthly disposable income with which to

10    fund the Plan.

11          63.    The Debtor clearly does not have the disposable income necessary to fund the Plan

12    as proposed.  Nor has the Debtor provided any documentation to explain where the additional

13    funds would be coming from.  As the Debtor already lists two rooms in his residence as being

14    rented just to reach the purported net income of $273 [Docket No. 1], it is unclear that the Debtor

15    has any flexibility for obtaining further funding for the Plan.  Moreover, the Debtor's monthly

16    expenses are unrealistic, as the Debtor has failed to schedule any amounts for medical and dental

17    expenses, health insurance, life insurance, property or homeowner's insurance, taxes, or indeed

18    *most* expenditures.  Accordingly, as the Plan is premised on the Debtor's rather optimistic

19    schedules—which even in their best light afford the Debtor only $273 a month—the Plan does

20    not have a reasonable likelihood of success and cannot be confirmed as proposed.  The Court

21    should instead dismiss this case as just the latest effort by the Debtor to frustrate foreclosure.

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Santa Ana

IRV #4838-3436-3012 v1    - 8 -    OBJECTION TO CONFIRMATION OF CHAPTER 13
PLAN

1

**IV.    CONCLUSION.**

2       Based on the foregoing, Trinity respectfully requests that the Plan not be confirmed and

3   the case dismissed.

4

5

6   Dated:        December 26, 2018            BURKE, WILLIAMS & SORENSEN, LLP

7

8                                             By:_____
                                              Richard J. Reynolds
9                                             Rafael R. Garcia-Salgado
                                              Attorneys for Creditor
10                                            TRINITY FINANCIAL SERVICES, LLC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4838-3436-3012 v1          - 9 -     OBJECTION TO CONFIRMATION OF CHAPTER 13
                                          PLAN

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**1851 East First Street, Suite 1550, Santa Ana, CA  92705-4067**

A true and correct copy of the foregoing document entitled (*specify*):  **CREDITOR TRINITY FINANCIAL SERVICES, LLC'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
**12/26/18**            , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
•        Joseph C Delmotte     ecfcacb@aldridgepite.com, JCD@ecf.inforuptcy.com;jdelmotte@aldridgepite.com
•        Kathy A Dockery (TR)     EFiling@LATrustee.com
•        Rafael R Garcia-Salgado     rgarcia@bwslaw.com, bantle@bwslaw.com,rjr-nef@bwslaw.com,jgomez@bwslaw.com
•        Scott Kosner     tyson@tysonfirm.com
•        United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **12/26/18**          , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| Debtor: | Co-Debtor/Interested Party: | Judge: |
|---|---|---|
| **Jack Damusca** 3512 Floresta Ave. Los Angeles, CA  90043-1849 | **Ginette Damusca** 3512 Floresta Ave. Los Angeles, CA  90043-1849 | Honorable Sandra R. Klein United States Bankruptcy Court Central District of California Edward R. Roybal Federal Building and Courthouse 255 E. Temple Street, Suite 1582 Los Angeles, CA 90012 |

☐ Service information continued on attached page

///

///

///

///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4838-3436-3012 v1                - 10 -        OBJECTION TO CONFIRMATION OF CHAPTER 13
PLAN

1

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or

2

entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here

3

constitutes a declaration that personal delivery on, or overnight mail to, the judge will be

4

completed no later than 24 hours after the document is filed.

5

☐  Service information continued
on attached page

6

I declare under penalty of perjury under the laws of the United States that the foregoing is true

7

and correct.

8

**12/26/18**              Bernadette C. Antle

9

*Date*              *Printed Name*                              *Signature*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4838-3436-3012 v1

- 11 -

OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN